BROWN v. PACIFIC MUT. LIFE INS. CO. OF CALIFORNIA.

(Circuit Court of Appeals, Fifth Circuit. November 25, 1925.)

No. 4519.

Insurance ⬉527—Insured, killed by fall of hydroaeroplane, held not within double indemnity provision applicable to conveyance of "common carrier."

Passenger, killed by fall of hydroaeroplane, was not killed in conveyance of "common carrier," within double indemnity provision of accident policy, where owner of plane carried only white people and flew only when and under such conditions as he pleased.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Common Carrier.]

In Error to the District Court of the United States for the Eastern Division of the

Northern District of Alabama; William I. Grubb, Judge.

Action by J. W. Brown, as administrator of the estate of Hugh D. Brown, deceased, against the Pacific Mutual Life Insurance Company of California. Judgment for defendant, and plaintiff brings error. Affirmed.

J. K. Dixon, of Talladega, Ala. (Knox, Dixon, Sims & Bingham, of Talladega, Ala., on the brief), for plaintiff in error.

Geo. W. Yancey, of Birmingham, Ala. (London, Yancey & Brower, of Birmingham, Ala., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit on a policy of accident insurance which provided for double indemnity if the bodily injury was sustained "while in or on a public conveyance (including the platform, steps, or running board thereof) provided by a common carrier for passenger service." The insured was killed in an aeroplane accident, while a passenger in said plane. Suit was brought for double indemnity, claimed by virtue of the above-quoted clause. The defendant admitted liability for the face value of the policy and tendered that amount, which was declined by plaintiff. At the close of the case the District Court directed a verdict for plaintiff for the amount tendered, denying the claim for double indemnity.

The following facts are not disputed: Lieutenant Whitted, formerly in the naval aviation service, owned a hydroaeroplane and operated it himself at Camp Walton, Fla., a summer resort, where he took passengers on pleasure trips in the air to let them enjoy the doubtful pleasure of flying. The plane held six persons, including the pilot. The trips lasted about 10 minutes in the air, and the plane returned to the point from which it started, for which he charged his passengers $5 each. He would not go up with less than three passengers and carried only white people. He operated on such days, at such hours, and under such conditions as pleased him, and did not pretend to maintain regular schedules. He did not advertise his business, unless keeping his plane anchored at the resort and having his helper in the vicinity of the usual landing place to give information could be so called. On August 19, 1923, Hugh D. Brown, the insured, who was visiting Camp Walton with his wife, went up with Whitted and three others. When up in the air, something went wrong with the machine; it fell, and all were killed.

From the above-quoted facts it is clear that Whitted was not a common carrier. He assumed no duty to the public to carry them, and if he refused to do so without any reason at all no action would lie against him. See Hutchinson on Carriers (3d Ed.) §§ 47, 48.

Affirmed.